CLEGHORN & HARRISON v. JOHNSON, TOLMAN & NETTLETON.

1. EVIDENCE OF CO-PARTNERSHIP. The sufficiency of evidence offered to prove co-partnership, discussed and determined.

*Appeal from Webster District Court.*

SATURDAY, DECEMBER, 15.

THE facts are fully stated in the opinion of the court.

*C. C. Cole* for the appellants.

No appearance for the appellee.

BALDWIN, J.—This was a suit upon an account for goods sold and delivered. The defendants, Tolman and Nettleton, deny that Johnson, by whom the goods were purchased, was a partner, or, that he had any authority to buy goods for defendants as a firm or otherwise. To this answer plaintiffs reply, and say that Johnson was a partner, and recognized as such by Tolman and Nettleton, by their acknowledgment to plaintiffs that they would pay the claim sued on, &c.

A letter by Tolman to plaintiffs was introduced on the trial in which he states "your account of $75,62, will be settled soon, &c.," "*we will* make the arrangement to send it in a few days by mail, &c.," "we expected it was settled before this as we sent the money by Johnson last winter, &c." He also states in the letter that he wishes it distinctly understood that Johnson never had any authority to use their names in any other business than that of the mill.

A witness was called by plaintiff who testified that Johnson, Tolman and Nettleton all had merchandize in the same room together, which were sold by all of defendants together and by their clerk. That it was generally understood that the defendants were partners only in the mill business.

This was the only evidence introduced, and upon this the court held that there was no proof of partnership and rendered judgment in favor of defendants.

Without now determining the question, whether the defendants having admitted by their pleading a limited partnership, they are bound to show that the purchase by Johnson was a contract not in their legitimate business, we are clearly of the opinion, that the contract with plaintiff was fully recognized, as a partnership matter. The defendants were

advised by the plaintiffs of Johnson's purchase in the firm name, and without a word as to his right to purchase for them, they admit its correctness, and promise that it shall be paid.

This promise alone, without reference to the other acts of defendants which tended to show a partnership is sufficient to entitle the plaintiffs to recover.

Judgment reversed.